STATE

v.

Rolando GORIS.

No. 96–519–C.A.

Supreme Court of Rhode Island.

April 29, 1997.

Andrea Mendes, Aaron Weisman, Providence.

Catherine Gibran, Paula Rosin, Providence.

**ORDER**

This matter came before the court pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be decided summarily. After reviewing the parties' legal memoranda, listening to their arguments, and considering the record, we believe cause has not been shown and shall therefore proceed to decide this matter without further briefing and argument.

The defendant, Rolando Goris, appeals from a judgment of conviction for carrying a pistol without a license. He raises three issues. First, defendant claims that the trial justice improperly allowed the prosecutor to ask defendant's ex-girlfriend on cross-examination if defendant contributed to the support of their infant child. However, by failing to present any argument to the trial

justice concerning why the prosecutor's question allegedly violated the rules of evidence, defendant failed to preserve this issue for appeal. *See State v. Tempest*, 651 A.2d 1198, 1216 (R.I.1995). In any event, this question was relevant to explore the witness's potential bias toward defendant. The witness testified on direct examination that she was no longer "seeing" defendant. But if defendant was contributing to the support of their child, this evidence would tend to show that their relationship continued at least to this extent, and thus it might possibly serve to impeach the witness's testimony on direct examination that implied no such relationship existed. On the other hand, if defendant was not contributing to the support of the child he fathered, such evidence may have caused the mother to resent defendant's failure to help with the child's upbringing. Accordingly we do not believe the trial justice abused his discretion in allowing this question to be asked and answered on cross-examination. *See generally State v. Kholi*, 672 A.2d 429, 434 (R.I.1996).

Next, defendant argues that the trial justice erred when he allowed a police officer to testify "as an expert" about what he did with the gun he took from defendant. However, this testimony was offered not to provide an expert opinion but only to explain why the officer handled the gun the way he did in response to questioning by defense counsel. Thus we believe that the trial justice did not err in denying defendant's motion to strike.

Finally, the defendant contends that the trial justice misconceived and overlooked material evidence and was otherwise clearly wrong in denying the defendant's new-trial motion. The issues raised on this motion were directed to the credibility of the various witnesses presented at trial. Because the trial justice properly exercised his independent judgment in reviewing this evidence and in assessing the credibility of the witnesses, we have no reason to disturb his decision. *See State v. Vanasse*, 593 A.2d 58, 67–68 (R.I.1991).

Accordingly we deny and dismiss the defendant's appeal and affirm the judgment of conviction.